# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| CARLOS CASAREZ, Individually and For Others Similarly Situated<br><br>v.<br><br>HENRY RESOURCES LLC | Case No. __7:23-cv-00187__<br><br>Jury Trial Demanded<br><br>FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Carlos Casarez (Casarez) brings this collective action lawsuit to recover unpaid overtime wages and other damages from Henry Resources LLC (Henry Resources) under the Fair Labor Standards Act (FLSA).

2. Henry Resources employed Casarez as one of its Day Rate Workers (defined below).

3. Henry Resources pays Casarez and the other Day Rate Workers by the day.

4. Casarez and the other Day Rate Workers regularly work more than 40 hours a week.

5. But Henry Resources does not pay Casarez and the other Day Rate Workers overtime.

6. Instead, Henry Resources misclassifies Casarez and the other Day Rate Workers as independent contractors and pays them a flat amount for each day worked, regardless of the total number of hours they worked in a workweek (a "day rate").

7. Henry Resources pays Casarez and the other Day Rate Workers under its uniform day rate pay scheme regardless of any individualized factors.

8. Henry Resources' uniform day rate pay scheme violates the FLSA by depriving Casarez and the other Day Rate Workers of overtime wages for all hours worked after 40 in a workweek.

1

## JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. This Court has general personal jurisdiction over Henry Resources because Henry Resources is a domestic limited liability company.

11. Venue is proper because Henry Resources is headquartered in Midland, Texas, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

12. Casarez worked for Henry Resources as a Field Consultant (also referred to as a "Completions Consultant") from approximately January 2018 until October 2022.

13. Throughout his employment, Henry Resources misclassified Casarez as an independent contractor to avoid paying him overtime wages.

14. Instead, Henry Resources paid Casarez a day rate with no overtime.

15. Casarez's written consent is attached as **Exhibit 1**.

16. Casarez brings this collective action on behalf of himself and all other similarly situated Field Consultants who worked for, or on behalf of, Henry Resources who were paid under its illegal day rate pay scheme.

17. Henry Resources paid each of these employees a flat amount for each day they worked and failed to pay them overtime when they worked more than 40 hours in a workweek in willful violation of the FLSA.

18. The putative collective of similarly situated employees is defined as:

> **All Field Consultants who worked for, or on behalf of, Henry Resources who were paid day rate with no overtime at any time during the past 3 years ("Day Rate Workers").**

19. Henry Resources is a Texas limited liability company headquartered in Midland, Texas.

20. Henry Resources can be served through its registered agent: **Michele E. Curry, 3525 Andrews Highway, Midland, Texas 79703**, or wherever she may be found.

## FLSA Coverage

21. At all relevant times, Henry Resources was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, Henry Resources was an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, Henry Resources was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce.

24. At all relevant times, Henry Resources has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

25. At all relevant times, the Day Rate Workers were Henry Resources' "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

26. At all relevant times, Casarez and the other Day Rate Workers were engaged in commerce or in the production of goods for commerce.

27. Henry Resources treated Casarez and the other Day Rate Workers as employees and uniformly dictated the pay and other employment practices it applied to them.

28. Henry Resources' misclassification of Casarez and the other Day Rate Workers as independent contractors does not alter their status as employees for purposes of the FLSA.

29. Henry Resources uniformly paid Casarez and the other Day Rate Workers under its day rate pay scheme.

30. Henry Resources applied its illegal day rate pay scheme to Casarez and the other Day Rate Workers regardless of any alleged individualized factors, such as specific job title or geographic location.

31. As a result of Henry Resources' uniform day rate pay scheme, Casarez and the other Day Rate Workers did not receive premium overtime wages when they worked more than 40 hours in a workweek.

32. Henry Resources' uniform day rate pay scheme therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

33. Henry Resources "is a Permian Basin oil & gas producer."[1]

34. To meet its business objectives, Henry Resources hires Field Consultants (also referred to as "Completions Consultants"), like Casarez and the other Day Rate Workers, to work on its oil and gas rigs.

35. Henry Resources uniformly misclassifies these workers (including Casarez and the Day Rate Workers) as independent contractors to avoid paying them overtime wages.

36. But Henry Resources does not hire Casarez and the other Day Rate Workers on a project-by-project basis.

37. Rather, Henry Resources hires and treats Casarez and the other Day Rate Workers just like regular employees.

---

[1] https://www.henryresources.com/ (last visited November 27, 2023).

4

38. Despite misclassifying Casarez and the other Day Rate Workers as independent contractors, Henry Resources controls all meaningful aspects of their employment.

39. Henry Resources controls Casarez's and the other Day Rate Workers' rate and method of pay.

40. Henry Resources controls Casarez's and the other Day Rate Workers' schedules and assignments.

41. Henry Resources controls Casarez's and the other Day Rate Workers' work.

42. Henry Resources requires Casarez and the other Day Rate Workers to follow Henry Resources' policies, procedures, protocols, Well Plan, and drilling specifications.

43. Casarez's and the other Day Rate Workers' work must strictly adhere to the quality standards put in place by Henry Resources.

44. In fact, while on a site, Casarez and the other Day Rate Workers take direction from, and are supervised by, Henry Resources personnel.

45. Casarez and the other Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

46. Indeed, the daily and weekly activities of Casarez and the other Day Rate Workers are routine and largely governed by standardized plans, procedures, and checklists created by Henry Resources.

47. Virtually every job function is predetermined by Henry Resources, including the tools and equipment used at the job site, the data to compile, the schedule of work, and related work duties.

48. Without the job Casarez and the other Day Rate Workers performed, Henry Resources would not be able to complete its business objective of oil and gas production.

49. The work Casarez and the other Day Rate Workers performs is an essential and integral part of Henry Resources' core oil and gas business.

50. Casarez and the other Day Rate Workers rely on Henry Resources for work and compensation.

51. Casarez and the other Day Rate Workers cannot subcontract out the work they are assigned by Henry Resources.

52. Casarez and the other Day Rate Workers do not substantially invest in the tools and equipment required to complete the overall job to which they are assigned.

53. Rather, Henry Resources incurs the large-scale business and operating expenses like marketing, job sites, rigging equipment, tools, and materials.

54. Casarez and the other Day Rate Workers do not market their services while employed by Henry Resources.

55. Henry Resources sets Casarez's and the other Day Rate Workers' work schedule, which prohibits them from working other jobs while working for Henry Resources.

56. At all relevant times, Henry Resources has maintained control, oversight, and direction of Casarez and the other Day Rate Workers, including, but not limited to, hiring, firing, disciplining, and other employment practices.

57. In sum, as a matter of economic reality, Casarez and the other Day Rate Workers are Henry Resources' employees.

58. Henry Resources uniformly pays these employees (including Casarez and the other Day Rate Workers) under its illegal day rate pay scheme.

59. Henry Resources routinely schedules Casarez and the other Day Rate Workers to work more than 40 hours a week.

60. Instead of paying Casarez and the other Day Rate Workers overtime wages, Henry Resources only pays them their set day rates for their actual days worked.

61. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practice for similar work.

62. For example, Casarez worked for Henry Resources as a Field Consultant (also referred to as a "Completions Consultant") from approximately January 2018 until October 2022.

63. As a Field Consultant, Casarez's primary responsibilities included rigging up, rigging down, fracking, and overseeing the work of third-party contractors to ensure projects were completed in accordance with Henry Resources' policies, protocols, Well Plan, and Drilling Procedures.

64. Throughout his employment, Casarez typically worked at least 12 hours a day for 7 days a week (or 84+ hours a week).

65. Casarez worked in accordance with the schedule set by Henry Resources.

66. Despite knowing Casarez regularly worked overtime, Henry Resources did not pay him overtime wages.

67. Instead, Henry Resources paid Casarez under its illegal day rate pay scheme.

68. Specifically, Henry Resources paid Casarez approximately $1,200 to $1,400 each day he actually worked, regardless of the number of hours he worked that day (or that week) and failed to pay him overtime when he worked over 40 hours in a week.

69. Henry Resources pays its other Day Rate Workers according to the same illegal day rate pay scheme it imposed on Casarez.

70. That is, Henry Resources pays its other Day Rate Workers on a day rate basis and fails to pay them overtime when they work more than 40 hours in a week.

71. Like Casarez, the other Day Rate Workers typically work at least 12 hours a day for 7 days a week (or 84+ hours a week).

72. And like Casarez, the other Day Rate Workers work in accordance with the schedule set by Henry Resources.

73. Despite knowing its Day Rate Workers regularly work overtime, Henry Resources does not pay them overtime wages.

74. Instead, Henry Resources pays its Day Rate Workers a flat amount for each day worked, regardless of the number of hours they worked that day (or that week) and fails to pay them overtime when they work more than 40 hours in a week in willful violation of the FLSA.

75. Henry Resources never paid Casarez and the other Day Rate Workers on a "salary basis."

76. Henry Resources does not pay Casarez and the other Day Rate Workers a guaranteed salary that is not subject to reduction based on the quality or quantity worked.

77. Rather, Henry Resources only pays Casarez and the other Day Rate Workers their set day rates for the actual days they work.

78. If Casarez and the other Day Rate Workers do not work, they do not get paid.

79. Casarez's and the other Day Rate Workers' day rates do not increase when they work more than 40 hours in a week.

80. Thus, Henry Resources never paid Casarez and the other Day Rate Workers on a "salary basis." *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 143 S. Ct. 677, 685 (2023) ("Daily-rate workers, of whatever income level, are paid on a salary basis only through the test set out in § 604(b)"); *see also* 29 C.F.R. § 541.604.

81. Because Henry Resources fails to pay Casarez and the other Day Rate Workers on a "salary basis," they are non-exempt employees entitled to overtime wages.

82. But Henry Resources does not pay Casarez and the other Day Rate Workers overtime wages when they work more than 40 hours in a workweek in willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

83. Casarez incorporates all other paragraphs by reference.

84. Like Casarez, the other Day Rate Workers are uniformly victimized by Henry Resources' illegal day rate pay scheme.

85. Other Day Rate Workers worked with Casarez and indicated they were paid in the same manner, performed similar work, and were subject to Henry Resources' same illegal day rate pay scheme.

86. Based on his experience with Henry Resources, Casarez is aware Henry Resources' illegal day rate pay scheme was imposed on the Day Rate Workers.

87. The Day Rate Workers are similarly situated in the most relevant respects.

88. Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime.

89. Any relevant exemption defenses would require Henry Resources to pay the Day Rate Workers on a "salary basis."

90. Because Henry Resources fails the "salary basis" test with respect to the Day Rate Workers, the specific job duties performed by those employees are largely irrelevant.

91. The only *relevant* inquiry is whether the Day Rate Workers were paid a day rate with no overtime wages when they worked more than 40 hours in a week (which, by definition, they did).

92. Therefore, the specific job titles or precise job locations of the various Day Rate Workers do not prevent collective treatment.

93. Rather, Henry Resources' uniform day rate pay scheme renders Casarez and the other Day Rate Workers similarly situated for the purposes of determining their right to overtime pay.

94. Henry Resources' records reflect the number of days and/or hours worked each week by the Day Rate Workers.

95. Henry Resources' records also show it paid the Day Rate Workers a day rate with no overtime wages when they worked more than 40 hours in a week.

96. The backwages owed to Casarez and the other Day Rate Workers can therefore be calculated using the same formula applied to the same records.

97. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Henry Resources' records, and there is no detraction from the common nucleus of liability facts.

98. Therefore, the issue of damages does not preclude collective treatment.

99. Casarez's experiences are therefore typical of the experiences of the other Day Rate Workers.

100. Casarez has no interest contrary to, or in conflict with, the other Day Rate Workers that would prevent collective treatment.

101. Like each Day Rate Worker, Casarez has an interest in obtaining the unpaid wages owed under federal law.

102. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

103. Absent a collective action, many Day Rate Workers will not obtain redress for their injuries, and Henry Resources will reap the unjust benefits of violating the FLSA.

104. Further, even if some of the Day Rate Workers could afford individual litigation, it would be unduly burdensome to the judicial system.

105. Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Day Rate Workers' claims.

106. Casarez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

107. As part of its regular business practices, Henry Resources intentionally, willfully, and repeatedly violated the FLSA with respect to the Day Rate Workers.

108. Henry Resources' illegal day rate pay scheme deprived Casarez and the other Day Rate Workers of the overtime wages they are owed under federal law.

109. There are many similarly situated Day Rate Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

110. The Day Rate Workers are known to Henry Resources, are readily identifiable, and can be located through Henry Resources' business and personnel records.

### HENRY RESOURCES' FLSA VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA

111. Casarez incorporates all other paragraphs by reference.

112. Henry Resources knew it controlled Casarez's and the other Day Rate Workers' rates of pay.

113. Henry Resources knew it controlled Casarez's and the other Day Rate Workers' method of pay.

114. Henry Resources knew it controlled Casarez's and the other Day Rate Workers' schedules.

115. Henry Resources knew it prohibited Casarez and the other Day Rate Workers from straying from Henry Resources' procedures and other protocols in performing their job duties.

116. Henry Resources knew it did not require Casarez and the other Day Rate Workers to possess any specialized skillset other than that maintained by all workers in their respective job positions.

117. Henry Resources knew Casarez's and the other Day Rate Workers' work was integral to Henry Resources' oil & gas business operations.

118. Henry Resources knew its investment in the tools and equipment necessary for Casarez and the other Day Rate Workers to perform their jobs relatively outweighed any investment made by these employees.

119. Henry Resources knew it did not hire Casarez and the other Day Rate Workers to work on a project-by-project basis.

120. Henry Resources knew Casarez and the other Day Rate Workers relied on it for work and compensation.

121. Henry Resources knew it controlled Casarez's and the other Day Rate Workers' opportunity for profit or loss.

122. Thus, Henry Resources knew, should have known, or recklessly disregarded the fact that, as a matter of economic reality, Casarez and the other Day Rate Workers were Henry Resources' employees.

123. Nonetheless, Henry Resources misclassified Casarez and the other Day Rate Workers as independent contractors.

124. Henry Resources' decision to misclassify Casarez and the other Day Rate Workers as independent contractors was neither reasonable, nor was it made in good faith.

125. Henry Resources knew it was subject to the FLSA's overtime provisions.

126. Henry Resources knew the FLSA required it to pay non-exempt employees, including Casarez and the other Day Rate Workers, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

127. Henry Resources knew Casarez and each Day Rate Worker worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

128. Henry Resources knew Casarez and the other Day Rate Workers were paid on a daily basis.

129. Henry Resources knew Casarez and the other the Day Rate Workers were paid a day rate (with no overtime for hours worked over 40 in a week).

130. Henry Resources knew Casarez and the other Day Rate Workers were not paid on a "salary basis."

131. Henry Resources knew Casarez and the other Day Rate Workers were not paid any guaranteed salary that was not subject to reduction based on the number of days worked.

132. Henry Resources knew that any base "salary" Casarez and the other Day Rate Workers purportedly received was not "reasonably related" to their actual earnings.

133. Thus, Henry Resources knew its day rate pay scheme did not satisfy the "salary basis" test.

134. Henry Resources knew it needed to pass the "salary basis" test to qualify for the exemptions it claimed with respect to Casarez and the other Day Rate Workers.

135. Nonetheless, Henry Resources uniformly misclassified Casarez and the other Day Rate Workers as exempt and refused to pay them overtime.

136. Henry Resources' decision to misclassify Casarez and the other Day Rate Workers as exempt employees was neither reasonable, nor was it made in good faith.

137. Likewise, Henry Resources' failure to pay Casarez and the other Day Rate Workers overtime was neither reasonable, nor was its decision not to pay these employees overtime made in good faith.

138. Henry Resources knew, should have known, or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA.

139. Henry Resources knowingly, willfully, and/or in reckless disregard carried out this illegal day rate pay scheme that systematically deprived Casarez and the other Day Rate Workers of overtime wages for their hours worked over 40 in a workweek in violation of the FLSA.

## CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

140. Casarez incorporates all other paragraphs by reference.

141. Casarez brings his FLSA claims as a collective action on behalf of himself and the other Day Rate Workers.

142. Henry Resources violated, and is violating, the FLSA by employing non-exempt employees (Casarez and the other Day Rate Workers) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek.

143. Henry Resources' unlawful conduct harmed Casarez and the other Day Rate Workers by depriving them of the overtime wages they are owed.

144. Accordingly, Henry Resources owes Casarez and the other Day Rate Workers the difference between the rate actually paid and the proper overtime rate.

145. Because Henry Resources knew, or showed reckless disregard for whether, its day rate pay scheme violated the FLSA, Henry Resources owes Casarez and the other Day Rate Workers these wages for at least the past 3 years.

146. Henry Resources is also liable to Casarez and the other Day Rate Workers for an amount equal to all their unpaid overtime wages as liquidated damages.

147. Finally, Casarez and the other Day Rate Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

148. Casarez demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Casarez, individually and on behalf of the other Day Rate Workers, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Day Rate Workers allowing them to join this action by filing a written notice of consent;

b. An Order finding Henry Resources liable to Casarez and the other Day Rate Workers for unpaid overtime wages owed under the FLSA, plus liquidated damages in amount equal to their unpaid wages;

c. A Judgment against Henry Resources awarding Casarez and the other Day Rate Workers all their unpaid wages, liquidated damages, and any other penalties available under the FLSA;

d. An Order awarding attorney's fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Dated: November 27, 2023.                    Respectfully submitted,

                     **JOSEPHSON DUNLAP LLP**

                     By: /s/ *Michael A. Josephson*
                     Michael A. Josephson
                     TX Bar No. 24014780
                     Andrew W. Dunlap
                     TX Bar No. 24078444
                     11 Greenway Plaza, Suite 3050
                     Houston, Texas 77046
                     Phone: (713) 352-1100
                     Fax: (713) 352-3300
                     mjosephson@mybackwages.com
                     adunlap@mybackwages.com

                     AND

                     Richard J. (Rex) Burch
                     TX Bar No. 24001807
                     **BRUCKNER BURCH PLLC**
                     11 Greenway Plaza, Suite 3025
                     Houston, Texas 77046
                     Phone: (713) 877-8788
                     Fax: (713) 877-8065
                     rburch@brucknerburch.com

                     **ATTORNEYS FOR CASAREZ**
                     **& THE DAY RATE WORKERS**